## ZEKE GOODWIN v. STATE.

No. A-4728.  Opinion Filed June 6, 1925.
(236 Pac. 636.)

(Syllabus.)

1. **Intoxicating Liquors—Evidence not Sustaining Conviction for Unlawful Sale.** The evidence held insufficient to support a charge of illegal sale of whisky.

2. **Same—Instruction Held Misleading.** Instructions examined, and held subject to criticism.

3. **Trial—County Attorney's Telling Jury What He Personally Knows About Accused Held Error.** Where there is no evidence supporting his statement, it is error for a county attorney to tell the jury what he knows personally about the accused.

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Zeke Goodwin was convicted of the illegal sale of intoxicating liquor, and he appeals. Reversed.

W. N. Redwine, for plaintiff in error.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.  Zeke Goodwin, plaintiff in error, defendant in the trial court, was by verdict of a jury in the county court of Pittsburg county found guilty of the unlawful sale of whisky, with his punishment fixed at imprisonment in the county jail for a period of 60 days, and to pay a fine of $50. From the judgment on this verdict, he appeals.

The testimony shows that Wilbur Godfrey, John Stanley, Zen Corn, Sam Corn, Albert Scott, and the defendant together agreed to contribute money to purchase one-half gallon of whisky; that this arrangement was first suggested on the streets of Pittsburg; that some of the parties went out in the country to a hillside, and procured the whisky from a man named Otis Patton; that they returned

to a park where a carnival was then in progress, and there distributed and drank a portion of the whisky. From the park they repaired to the home of the defendant, Zeke Goodwin, with the uncertain quantity or portion of the whisky which remained. It seems that Wilbur Godfrey did not go to the park promptly, and that when he did arrive there, he found that his associates in the deal were not there; that he thereupon followed the others to the home of the defendant, and there received from Zeke Goodwin some of the whisky that was left, estimated at about one pint. There was a dispute there as to the amount to be paid by Godfrey, and it appears that Godfrey then paid to the defendant 50 cents, in addition to the amount of money he had previously contributed. So far as can be ascertained from the record, the total amount contributed by all the parties was $6.

It was the theory, of the state that the defendant was the agent of the seller of this whisky, Otis Patton. The theory of the defendant was and is that all the parties who agreed to this deal were contributors to a common fund to purchase this whisky from Patton, and that the defendant was the agent of the others in this purchase and not the agent of Patton. We think the testimony in the record overwhelmingly supports the theory of the defendant. The fact that the defendant received from one of the parties to the original transaction 50 cents, in addition to the initial contribution, after most of the liquor had been distributed and consumed, would not operate to constitute a sale by the defendant. And this part of the transaction occurred some two hours after the initial arrangement was made and the whisky obtained, and there are indications that the witnesses were more or less under the influence of liquor at the time Godfrey paid the extra 50 cents and obtained his portion of the whisky, and for this reason their testimony as to details is confusing.

The court, over the objection of the defendant, instructed the jury as follows:

"You are further instructed that, since there has been evidence adduced tending to show that defendant accepted money from Wilbur Godfrey to pay for the whisky in question for said Wilbur Godfrey, that if you find from the evidence that defendant acted as an agent of the vendor or accepted more money from Wilbur Godfrey than was paid for the whisky, defendant would be guilty of selling liquor, as charged. In other words, if you find that defendant profited by the sale of said liquor to Godfrey, if same was sold to Godfrey, then defendant would be guilty as charged."

Under the evidence the clause, "if you find that defendant profited by the sale of said liquor to Godfrey" may have been misleading. The fact, if it was a fact, that the defendant collected more money than was necessary would not of itself amount to an illegal sale of liquor.

The county attorney, on cross-examination of the defendant, propounded to him a number of incompetent questions to which objections were made, some of the objections being sustained. Notwithstanding the fact that many of the objections were sustained, the improper cross-examination may have prejudiced the defendant. The character of the questions so propounded was as follows:

"Q. You have recently served a term in jail up here, haven't you?

"Mr. Redwine: Object to that as incompetent, irrelevant, and immaterial.

"The Court: For what?

"Mr. Whit: For anything that involves moral turpitude.

"The Court: You will have to state for what.

"Mr. Gocher: Well, we know that he has.

"Q. You drink considerable whisky, don't you? (Ob-

jected to and objection overruled.)

A statement by the county attorney, in the presence of the jury, that he personally knows that the defendant has recently served a term in jail, was highly improper, where no proof was made or offered supporting such charge.

For the reasons stated, the cause is reversed.

DOYLE and EDWARDS, JJ., concur.